HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WALTER CHARRON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>　　　　　Defendant. | CASE NO. C10-5489RBL/KLS<br><br>ORDER |

　　　THIS MATTER comes on before the above-entitled court upon the Report and Recommendation of Chief Magistrate Judge Karen L. Strombom [Dkt. #18] and the Commissioner's Objections thereto [Dkt. #19]. Having considered the entirety of the records and file herein, the Court finds and rules as follows:

　　　The Commissioner objects to Judge Strombom's findings that the ALJ erred in concluding that the claimant was not disabled, and to the recommendation that the matter be reversed and remanded to the Commissioner for further administrative proceedings. Specifically, the Commissioner objects to Judge Strombom's conclusion that the ALJ improperly weighed the mental residual functional capacity assessment ("MFRCA") of Thomas Clifford, Ph.D., a non-examining, consulting psychologist. The Commissioner also objects to Judge

1  Strombom's interpretation of Dr. Clifford's finding that claimant "will benefit from extra
2  oversight" as an actual limitation rather than a recommended accommodation.
3        The MRFCA is a form that contains three sections: (I) Summary Conclusions; (II)
4  Remarks; and (III) Functional Capacity Assessment, describing a claimant's work-related
5  limitations in a narrative.  The Social Security Administrator's Program Operations Manual
6  System ("POMS") instructs ALJs to focus on the narrative contained in Section III of the
7  MRFCA.  The POMS indicates that the purpose of Section I is to provide the psychologist or
8  psychiatrist with a worksheet to insure that each of the listed mental activities has been
9  considered in determining the claimant's residual functional capacity ("RFC").
10       Here, Judge Strombom recommended reversal based in part upon the ALJ's failure to
11 adopt the moderate limitations Dr. Clifford noted in Section I of the MRFCA.  That
12 recommendation was based upon Judge Strombom's reasoning that "it is not entirely clear that
13 the narrative statements contained in Section III are to be adopted to the complete exclusion of
14 the summary conclusions contained in Section I, rather than to be read merely as an explanation
15 thereof."  [Dkt. #18, p. 8].  Judge Strombom recommended that this matter be reversed because
16 "the ALJ did not make clear that this was what he was doing, and so remand for clarification of
17 this is required."  *Id*.
18       The Commissioner urges that the correct analysis of the interaction between Section I and
19 Section III is that found in *Thompson v. Astrue*, No. C09-5792RBL.  There, in responding to a
20 challenge that the ALJ failed to take into account or discuss moderate limitations noted in
21 Section I, the Magistrate Judge emphasized that it is the narrative in Section III that controls.
22 Further, the Magistrate Judge found that Section I limitations noted did not need to be discussed
23 by the ALJ because it is reasonable to assume that the psychologist included the Section I
24

ORDER- 2

1  limitations in completing Section III.  *Thompson v. Astrue*, C09-5792RBL, Report and

2  Recommendation, Dkt. #27. pp. 12-13.

3      The Court agrees with the Commissioner.  The better analysis is that found in *Thompson*.

4  Therefore, the ALJ did not err by failing to include in claimant's RFC that claimant could not

5  remember locations and work-like procedures.

6      The Court disagrees, however, with the Commissioner's objection to Judge Strombom's

7  conclusion that remand is required because the ALJ failed to include as part of claimant's RFC

8  the need for special supervision.  In Section III of Dr. Clifford's MRFCA he states that claimant

9  "will benefit from extra oversight."  The Court does not agree with the Commissioner that this

10 finding can only be interpreted as a recommended accommodation and not as a functional

11 limitation.  Thus, this matter should be remanded for further proceedings on this issue.

12     It is therefore **ORDERED:**

13     1.  The Court adopts the Report and Recommendation except as set forth in this Order.

14     2.  The ALJ erred as described in the Report and Recommendation and as modified by

15         this Order.

16     3.  The matter is therefore **REVERSED** and **REMANDED** to the Commissioner for

17         further administrative proceedings.

18     4.  The Clerk is directed to send copies of this Order to all counsel of record and to Chief

19         Magistrate Judge Karen L. Strombom.

20 Dated this 11th day of May, 2011.

                                                                                         /s/ Ronald B. Leighton

                                                                        RONALD B. LEIGHTON
                                                                        UNITED STATES DISTRICT JUDGE